

# IN THE
# TENTH COURT OF APPEALS

No. 10-24-00013-CV

## IN THE INTEREST OF K.K.G.-M., A CHILD

From the 278th District Court
Leon County, Texas
Trial Court No. 22-0155CV

## MEMORANDUM OPINION

In a single issue, the father of K.K.G.-M. (Father) appeals from the trial court's order terminating his parental rights.[1] Additionally, Jerry and Tanise Hunt, K.K.G.-M.'s great-uncle and great-aunt, filed a notice of appeal from the trial court's order of termination.

**Father**

In his sole issue, Father contends that the trial court erred in failing to strictly comply with the Indian Child Welfare Act (ICWA). *See* 25 U.S.C. §§ 1901–63. The Texas Department of Family and Protective Services (the Department) filed a response in which

---

[1] The parental rights of K.K.G.-M.'s mother were also terminated, but she has not appealed.

it agreed.  Both Father and the Department asked this Court to abate this appeal for the trial court to determine whether the ICWA applied.

We abated this appeal and remanded this cause to the trial court.  In the abatement order, we directed as follows:

> The trial court will ensure that proper notice that complies with the statutory notice requisites is provided as required by statute.  *See* 25 C.F.R. § 23.11.  The trial court shall then conduct a hearing to determine whether K.K.G.-M. is an Indian child under the ICWA.  *See* TEX. R. APP. P. 44.4 (stating that appellate court shall not affirm or reverse judgment if trial court can correct erroneous action or failure to act and appellate court is authorized to direct trial court to correct erroneous action or failure to act and to then proceed as if erroneous action or failure to act had not occurred).

The trial court held a hearing pursuant to the Court's order.  At the hearing, the Department introduced as an exhibit, and the trial court admitted, a packet indicating that the Department had sent the notices required under the ICWA and that the notified tribes had responded that K.K.G.-M. is not a member of their tribes and is not eligible for membership.  When the trial court then turned to Father's counsel, Father's counsel stated:  "I reviewed the packet that was introduced, and I'm unable to point out any un compliance [sic]."  Accordingly, the trial court determined that the ICWA does not apply in this case and that K.K.G.-M. "is not an Indian Child under the Act."

Because the trial court has now properly complied with the ICWA, we overrule Father's sole issue.

### The Hunts

On February 27, 2024, the Clerk of this Court notified Jerry and Tanise Hunt that their $205 filing fee in this cause was past due and that their appeal would be dismissed

if they did not either establish the right to proceed without payment of costs or pay the filing fee within twenty-one days of the date of the letter. No response has been received from Jerry or Tanise Hunt. Accordingly, the appeal as to Jerry and Tanise Hunt is dismissed. *See* TEX. R. APP. P. 42.3(c).

## Conclusion

Because Jerry and Tanise Hunt failed to pay the filing fee, we dismiss their appeal. Having overruled Father's sole issue, we affirm the trial court's judgment.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed in part and dismissed in part
Opinion delivered and filed July 11, 2024
[CV06]

